STATE BOARD OF MEDICAL EXAMINERS OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. CHARLES D. BAUDEN-DISTEL, DEFENDANT-PROSECUTOR.

Decided March 6, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Nathan H. Berger.*

For the respondent, *Edward L. Katzenbach,* attorney-general of New Jersey.

PER CURIAM.

The prosecutor was convicted in the First District Court of Jersey City on a complaint charging him with a violation of section 10 of an act of the legislature of the State of New Jersey, entitled "An act to regulate the practice of medicine and surgery, to license physicians and surgeons and to punish persons violating provisions thereof," approved May 22d, 1894, and said section 10 was amended by an act approved April 8th, 1921, in that the prosecutor during the months of February, March, &c., 1925, and during the months of January, February, &c., 1926, and during the month of January, 1927, at West New York, &c., did commence and continue the practice of medicine and surgery within the meaning of section 8 of said act, and said section 8 was amended by an act approved April 12th, 1915, without first having obtained and filed a license for such practice, issued by the state board of medical examiners of New Jersey, as provided for under

the provisons of said act, and that on the 15th day of June, 1923, the prosecutor was convicted in said court for a violation of the provision of said section 10 of the act, and that the violation mentioned is another and a continuation of the violation for which the prosecutor was previously convicted.

There was testimony that the prosecutor was an osteopath and chiropractor. In the window of his office there was displayed a white sign with black letters, "Dr. Chas. Baudendistel."

There was testimony that the prosecutor on divers dates mentioned in the complaint treated persons who came to him for medical treatment by giving them medicines to effect a cure for the bodily ailments of which they complained.

There was also proof that the prosecutor had been convicted in the First District Court of Jersey City for a previous violation of the provisions of the section of the above-cited act.

The prosecutor made no attempt to refute the charges against him and only offered in his defense a license to practice osteopathy issued by the state board to him, on January 12th, 1917, and also an official license issued to him to practice chiropractics, by the state board of chiropractor examiners, on November 22d, 1920. The defense then rested its case and contended, and now contends here, that under the license granted to the prosecutor, to practice osteopathy, the acts complained of and testified to by the witnesses, did not come within the inhibition of section 10 of the statute alleged to have been violated, since osteopaths were expressly excluded from the application of the prohibitory provisions regulating the practice of medicine and surgery, by virtue of section 9 of the act.

We think the practice of osteopathy is confined to the manipulation of the human body by applying the hands only to the body of the patient. See *State* v. *Herring,* 70 *N. J. L.* 34.

Judgment is affirmed, with costs.